# ROGERS *v.* HENNEPIN COUNTY.

## ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

### No. 104.   Argued December 6, 1915.—Decided February 21, 1916.

Where the state court does not decide against plaintiff in error upon an independent state ground, but, deeming the Federal question to be before it, actually entertains it and decides it adversely, this court has jurisdiction to review the final judgment under § 237, Jud. Code.

The state court having stated in a *per curiam* opinion that this case was controlled by the judgment in another similar case in which it entertained and decided the same Federal questions as to constitutionality of the tax sought to be enjoined, *held* that although there may have been other questions involved in this case, the judgment did not rest upon an independent state ground.

Memberships in exchanges, such as those involved in this action, are property notwithstanding restrictions upon their use, and nothing in the Federal Constitution prevents their being taxed.

Whether memberships in exchanges are in fact taxable under the state statutes is a matter of local law.

Memberships in an incorporated exchange, as property of the respective members, are distinct from the assets of the corporation, and taxing the members on their memberships and the corporation on its assets does not amount to double taxation.

The correct valuation of property is a matter for the taxing officials; and, where there is no charge of denial of opportunity to be heard, this court does not sit to review their judgment.

Memberships in an Exchange represent rights and privileges to be exercised at the exchange where located, and it is competent for a State to fix the *situs* of memberships of both residents and non-residents for the purpose of taxation at the place where the exchange is located, and in so doing it does not deprive non-resident members of their property without due process of law.

The State has a broad discretion as to tax exemptions, and the taxation of memberships in association conducting exchanges in which business transactions are conducted for profit does not deny equal protection of the laws because memberships in other associations not conducting business exchanges and where there are manifest

distinctions are not also taxed; the classification has a reasonable basis.

124 Minnesota, 539, affirmed.

THE facts, which involve the constitutionality, under the Fourteenth Amendment, and the construction, of statutes of Minnesota and proceedings thereunder levying taxes upon memberships in trade exchanges in that State, are stated in the opinion.

*Mr. H. V. Mercer* for plaintiff in error.

*Mr. Lyndon A. Smith,* Attorney General of the State of Minnesota, and *Mr. William J. Stevenson,* with whom *Mr. John A. Rees* was on the brief, for defendants in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This is a suit in equity to cancel certain assessments for the year 1912, and to restrain the collection of taxes imposed accordingly upon the plaintiffs and others in like case with respect to their memberships in the Chamber of Commerce of the City of Minneapolis. There were three groups alleged to be represented by the respective plaintiffs: One, of members residing in Minneapolis; another, of those residing within the State, but outside that City; and a third, of citizens and residents of other States. The complaint, among other things, averred in substance that the Chamber of Commerce was incorporated under the laws of Minnesota; that it had no capital stock and transacted no business for profit; that it furnished buildings and equipment for its members who, under its rules, transacted business with each other (for themselves and their customers) upon the trading floor which was in fact a grain exchange; that the property of the corporation had been fully taxed; that the memberships, in case of winding up, would have actually no value

above the assets so taxed; that it had been the practical construction of the tax laws of the State that such memberships were not taxable; that the assessments in question had been laid under the head of "Moneys and Credits," and that they were excessive; that memberships in other associations were not taxed 'although standing in a similar position'; that the members of the Chamber of Commerce were 'unlawfully and prejudicially.' discriminated against 'by unequally assessing them' and that their property was taken 'without due process of law, contrary to the state and federal constitutions'; that, unless restrained, the attempt to enforce the tax would result in a multiplicity of suits; that in the case of members residing outside of the City of Minneapolis, the certificates of membership were 'kept at their respective residences' and such members did not 'operate' upon the exchange personally except 'at rare intervals,' and that their use of such memberships was practically limited to benefits obtained 'from having other members buy or sell grain for them as commission merchants' at one-half the 'regular commission' by reason of 'a privilege extended to the members under the rules.'

The defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The trial court denied a motion for temporary injunction and sustained the demurrer, and thereupon judgment was entered in favor of the defendants. The plaintiffs appealed to the Supreme Court of the State, assigning as error the holding of the trial court that the assessments 'did not deny to the several members in the respective classes the equal protection of the laws' and did not constitute a taking of property 'without due process of law and without compensation' contrary to the Federal Constitution. The latter objection was stated in various forms, specific complaint being made of the assessment of those members who were said to be outside the

jurisdiction of the taxing officers. Another appeal was then pending in the same court in the case of *State* v. *McPhail*, relating to the taxation of memberships in the Board of Trade of Duluth and, by stipulation, the appeals were heard together. In the Duluth case, the Supreme Court held that the membership was taxable under the statutes of the State and, further, sustained the tax there laid as against contentions under the due process and equal protection clauses of the Fourteenth Amendment. The court said: "We do not sustain the claims that the taxation of memberships in a Board of Trade or Stock Exchange, would violate provisions of the Federal or State constitution. . . . We see no improper classification here, nor any lack of equality or uniformity. Nor would it be double taxation. The members of the Board are not required to pay taxes on the physical and tangible property of the Board, nor does the Board pay taxes upon the intangible rights which constitute the value of a membership. And we hold that proceedings to tax such a membership do not deprive the member of his property without due process of law, take property for public use without just compensation, or deny such member the equal protection of the laws, in violation of familiar provisions of the Federal Constitution and amendments." *State* v. *McPhail*, 124 Minnesota, 398.

At the same time, the decision in the instant case was rendered with an opinion *per curiam* in which, after a summary statement of the nature of the case, the court ruled as follows: "The case was submitted on briefs in this court with *State* v. *McPhail*. The decision in that case, filed herewith, controls this. Judgment affirmed." *Rogers* v. *Hennepin County*, 124 Minnesota, 539. And this writ of error has been sued out.

The defendants in error insist that the decision of the state court involved no Federal question; that the suit was for injunction and that the plaintiffs had an adequate

remedy at law. They invoke the familiar rule that when the decision of the state court rests upon an independent or non-Federal ground, adequate to support it, this court has no jurisdiction. *Hammond* v. *Johnston*, 142 U. S. 73, 78; *Gaar, Scott & Co.* v. *Shannon*, 223 U. S. 468, 470. But the state court, which alone determines local questions of procedure, did not deny relief because an injunction was sought or because it was considered that under the state law another remedy was appropriate. It said nothing whatever as to the form of remedy, or as to the right to proceed in equity, but considered and decided the case on the merits, including the Federal questions. No other conclusion can be drawn from the fact that the sole reason for the decision is found in the reference to *State* v. *McPhail* as authority,—a case in which no procedural question was involved. There, the action was brought by the State itself to recover the tax, and the decision was directly and exclusively upon the validity of the tax, it being sustained first, as one authorized by the state law, and, then, as not repugnant to the Federal Constitution. The fact that there were some objections to the constitutional validity of the tax in the present case that were not urged in the *McPhail Case*, does not affect the matter. They were all grounds for the contention that the tax denied the equal protection of the laws and took property without due process of law. That was the ultimate contention which was overruled with respect to the tax in the *McPhail Case*, and the allusion to that decision as 'controlling' plainly meant that the court thought that all the reasons urged for a different view were without merit and that the present tax did not violate the Fourteenth Amendment. It is well settled that where the state court does not decide against the plaintiff in error upon an independent state ground, but, deeming the Federal question to be before it, actually entertains it and decides it adversely to the Federal right asserted, this court has

jurisdiction to review the judgment, assuming it to be a final judgment as it is here. . *Hancock National Bank* v. *Farnum*, 176 U. S. 640, 642; *San Jose Land Co.* v. *San Jose Ranch Co.*, 189 U. S. 177, 179, 180; *Am. Exp. Co.* v. *Mullins*, 212 U. S. 311, 313; *Atchison, Topeka & Santa Fe Ry.* v. *Sowers*, 213 U. S. 55, 63; *Miedreich* v. *Lauenstein*, 232 U. S. 236, 243; *North Carolina R. R.* v. *Zachary*, 232 U. S. 248, 257; *Carlson* v. *Curtiss*, 234 U. S. 103, 106; *Mallinckrodt Works* v. *St. Louis*, 238 U. S. 41, 49.

It is not to be doubted—giving full effect to all the allegations of the complaint—that the memberships despite the restrictions of the rules were property. See *Hyde* v. *Woods*, 94 U. S. 523, 525; *Sparhawk* v. *Yerkes*, 142 U. S. 1, 12; *Page* v. *Edmunds*, 187 U. S. 596, 604. As was said by the Supreme Court of the State with respect to memberships deemed to be essentially similar: "A membership has a use value and a buying and selling or market value. It is bought and sold. . . . There is a lien upon it for balances due members. . . . It passes by will or descent and by insolvency or bankruptcy. . . . It is true that there are certain restrictions in the ownership and use of a membership. These may increase or decrease its value, probably in the case of a board of trade membership greatly enhance it. They do not prevent its being property." *State* v. *McPhail*, 124 Minnesota, 398, 401. Of course, there is nothing in the Federal Constitution which prevents the memberships here involved from being taxed, and the question whether they were in fact taxable under the statutes of the State was a matter of local law with which we are not concerned. It was the province of the state court to determine what the terms of the taxing statute authorized and it is for this court to say whether in view of the operation of the statute, as thus defined, it overrides the Federal right which is claimed. *Clement National Bank* v. *Vermont*, 231 U. S. 130, 134. It is insisted that there was no legislative

authority for an official listing of this kind of property,
or for an official estimate of its value, and hence that there
is no valid taxing scheme. But it is manifest that the
state court, in holding the memberships to be embraced
within the description of property subject to taxation
under the statutes, also held that the statutory scheme,
including the provision for listing and for official valua-
tion, did apply to these memberships. See 124 Minnesota,
pp. 404–406. Complaint is made that in the present case
the memberships were assessed under the head of "Moneys
and Credits." But this is an administrative matter which
does not touch the fundamentals contemplated by the
Fourteenth Amendment. If there was any error or ir-
regularity in the particular application of the state statute
in the case of the assessments in question, it was subject
to correction according to the local practice; and the argu-
ment that the statute is defective because there is no
legislative authority for listing and estimate we think is
directly opposed to the construction placed upon the
statute by the state court. It is also apparent that there
is no merit in the objection that there was a violation of
the Federal Constitution through what is called double
taxation. The membership, as property, was distinct
from the assets of the corporation. *Van Allen* v. *As-
sessors,* 3 Wall. 573, 584; *Farrington* v. *Tennessee,* 95
U. S. 679, 687; *Davidson* v. *New Orleans,* 96 U. S. 97, 106;
*Bank of Commerce* v. *Tennessee,* 161 U. S. 134, 146; and
see *St. Louis Southwestern Ry.* v. *Arkansas,* 235 U. S.
350, 367, 368. The correct valuation of the membership,
in view of all relevant facts, was a matter for the taxing
officials, and we do not sit to review their judgment. The
complaint makes no case whatever of a denial by the statu-
tory scheme of proper opportunity for the hearing of
grievances where the estimate is regarded by the mem-
bers as excessive. See *Brooklyn City R. R.* v. *New York,*
199 U. S. 48, 51, 52; *Orient Ins. Co.* v. *Board of Assessors,*

221 U. S. 358, 360. On the contrary, the complaint alleges that the plaintiff duly appeared before the Board of Equalization of the City of Minneapolis and the Minnesota Tax Commission, acting as the State Board of Equalization, and on behalf of himself and other members asked to have the assessment canceled, or, if not canceled, to have it reduced to what was asserted to be a fairer valuation, and that the Boards were each apparently inclined to grant the application, but, as it would seem, withheld action pending the decision of the courts as to the taxability of the memberships.

There is the further contention with respect to the authority of the State to tax the memberships owned by citizens of other States. It is urged that the memberships are intangible rights held by the member at his domicile. But it sufficiently appears from the allegations that the memberships represented rights and privileges which were exercised in transactions at the exchange in the City of Minneapolis, and, we are of the opinion, applying a principle which has had recognition with respect to credits in favor of non-residents arising from business within the State, and in the case of shares of stock of domestic corporations, that it was competent for the State to fix the *situs* of the memberships for the purpose of taxation, whether they were held by residents or non-residents, at the place within the State where the exchange was located. *Tappan* v. *Merchants Bank*, 19 Wall. 490, 499; *New Orleans* v. *Stempel*, 175 U. S. 309, 319; *State Board* v. *Comptoir National*, 191 U. S. 388, 403; *Corry* v. *Baltimore*, 196 U. S. 466, 474; *Metropolitan Life Ins. Co.* v. *New Orleans*, 205 U. S. 395, 402; *Liverpool Ins. Co.* v. *Orleans Assessors*, 221 U. S. 346, 354, 355; *Hawley* v. *Malden*, 232 U. S. 1, 12.

With respect to discrimination, there is no tenable objection because of the exemption from taxation (if they were exempt) of the various organizations to which the plaintiffs in error refer,—such as the "Associated Press,

lodges, fraternal orders, churches, etc." The description itself suggests manifest distinctions which the State is entitled to observe in its taxing policy, despite the general allegation that these associations stand "in a similar position." The State has a broad discretion as to tax exemptions (*Bell's Gap R. R.* v. *Pennsylvania*, 134 U. S. 232, 237), and the averments of the complaint are very far from showing any basis for a charge of violation of the Fourteenth Amendment by unwarrantable discrimination. And, finally, with respect to the argument that the plaintiffs in error were denied due process of law because the state court decided the case upon the authority of the *McPhail Case*, without referring to the asserted distinctions between the two cases, it is enough to say that the cause was heard and determined, and, viewing the judgment as passing upon all the Federal questions raised, we find no error.

*Judgment affirmed.*

Mr. Justice McReynolds is of opinion that the writ of error should be dismissed.