By the Court.
Is the membership in the New York Stock Exchange property? If so, is the situs of the property at the domicile of the owner? If these questions are answered in the affirmative, Do the statutes of Ohio provide for its taxation ?
The record shows that the membership is a valuable right. The privileges of a member are not only valuable in their use, but the membership has a market value. Plaintiff paid more than $60,000 for his seat. The stock exchange owns the entire 'capital stock of the Exchange Building Company, which owns the real estate in which the business is conducted. Facilities are furnished for the conduct of brokerage business by members of the exchange.
*258 The right of a member is to trade at the exchange in New York, and not elsewhere, in securities listed on the exchange. Admissions to membership are made on the vote of the committee on admissions. Membership may be transferred on the approval of the transfer by the committee.’ .On the death of a member his seat is sold and the net proceeds of the sale after payment of claims of members are paid to his estate.
When one has become a member of the New York Stock Exchange he has a contractual right to have the association conducted in accordance with its rules and regulations.
All of these things are essential incidents of property. The restrictions which the mutual agreements of the membership place upon the use and the ownership may possibly decrease its market value. On the other hand these very restrictions may increase its value. They do not affect its status as property any more than restrictions on the lots in a subdivision of real estate.
In Rogers v. Hennepin County, 240 U. S., 184, it is held that memberships in exchanges, such as involved in this case, are property, notwithstanding restrictions upon their use, and nothing in the Federal Constitution prevents their being taxed; that whether such memberships are taxable under State statutes is a matter of local law; that the memberships are. distinct from the assets of the corporation, and taxing members on their membership and the corporation on its assets does not amount to double taxation.
*259 In the case we have here the membership is personal property, and the fact that the assets of the association consist in very large part of the capital stock of the realty corporation in New York City, and that the privilege is to do business in the building there, does not give the membership the quality or character of real property.
The shares of stock in a realty company are personalty. The things that the company owns, whether real or personal, do not affect the character of the shares of stock in the company.
Where is the situs of the property or membership owned by the member?
It is well settled that a state has no power to tax personal property permanently gituated in another state. Southern Pacific Co. v. Kentucky, 222 U. S., 63, 74.
As we have seen, the rights of a member are contractual. There are mutual covenants and. agreements between the exchange and the members as well as the obligations assumed by the members toward each other. These contractual rights are enforceable, like other contract rights. They are choses in action.
A state has power to tax intangible property, choses in action, at the domicile of the owner, and such domicile is the situs of that class, of personal property. 1 Cooley on Taxation (3 ed.), 89; Southern Pac. Co. v. Kentucky, supra, 63, 76, and Union Refrigerator Transit Co. v. Kentucky, 199 U. S., 194.
In the recent case of Fidelity & Columbia Trust Co. v. Louisville, 245 U. S., 54, it was held that *260 liability to taxation in one state does not necessarily exclude liability in another.
Now, in this case the right secured to a member to go to the stock exchange in New York and there conduct his business in stocks in the manner prescribed' is doubtles,s the most valuable right of membership. But as incident to his membership he is also granted the right to deal with and through other members on certain fixed percentages and methods of division of commissions. This right'to secure the services of other members at a lower rate and to split commissions is a very valuable right. By it the plaintiff in Cincinnati is enabled to properly hold himself out to the world as a member entitled to all the privileges and able to secure all of the advantages of the New York Stock Exchange. All of/ which advantages are denied to nonmembers. He is thus enabled to conduct from and in his, Cincinnati office a large business through other members in New York. All of which is regularly and properly done.
The situs of the valuable contractual property right of plaintiff is at the domicile of plaintiff in Cincinnati, and the state of Ohio has the right to tax it here.
In deciding that shares of stock constitute property) different from the capital or property of the company, Judge Spear, in Lee, Treas., v. Sturges, 46 Ohio St., 153, says at page 161: “The capital or property of the company may be largely real estate, while the shares are, in their nature, personalty. They can have no locality, and must, therefore, of necessity, follow the person of the *261 owner, unless other provision is made by statute. The corporation is the legal owner of all the property of the company, real and personal, and within the powers conferred upon it by its charter, and for the purposes for which it was created, can deal with the corporate property as absolutely as a private individual can deal with his own. * * * The shares of stock may be worth much more than the property of the corporation; that is, the franchise may be very valuable while the visible capital may be of but little value.”
The Constitution, Section 2, Article XII, enjoins the legislature to enact laws taxing by a uniform rule all property at its true value in money, with right to exempt certain property. It is well determined that this section is a limitation on the general power to tax conferred by the first section of Article II of the Constitution, and unless tax laws have been enacted which include the property here in question it is not taxed.
It is of course conceded that taxing statutes are to be construed strictly in favor of the citizen and against the taxing authority.
Section .5328, General Code, reads as follows: “All real or personal property in this! state, belonging to individuals or corporations, and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state, shall be subject to taxation, except only such property as may be expressly exempted therefrom. Such property, moneys, credits, and investments shall be entered on the list of taxable property as prescribed in this title.”
*262 Section 5325, General Code, contains the following: “The term ‘personal property’ as so used, includes first, every tangible thing being the subject of ownership, whether animate or inanimate, other than money, and not forming part of a parcel of real property, as hereinbefore defined; second, the capital stock, undivided profits., and all other means not forming part of the capital stock of every company, whether incorporated or unincorporated, and every share, portion, or interest in such stocks.”
In Lee v. Sturges, supra, it is said at page 159: “For every presumption is in favor of that construction of the law which gives effect to the requirement of the section of the» constitution referred to, and we are forced to the conclusion that the general assembly, in enacting this law, intended, so far as the complex nature of human business affairs should make it practicable, to include within the taxing provisions all property within the state, and not to exceed in its exemptions the limit prescribed, as to persons, of ‘personal property not exceeding in value two hundred dollars for each individual.’ And, further, that where an exception or exemption is claimed, the intention of the general assembly to except must be expressed in clear and unambiguous terms. ‘The exemption must be shown indubitably to exist. At the outset every presumption is against it. A well-founded doubt is fatal to the claim. It is only where the terms of the concession are too explicit to admit fairly of any other construction that the proposition can be supported.’ Railway Co. v. *263 Supervisors, 93 U. S. 595; Tucker v. Fergueson, 22 Wall., 527. Intent to confer immunity from taxation must be clear beyond a reasonable doubt, for, as in case of a claim of grant, nothing can be taken against the state by presumption or inference.”
The provisions of Section 5328, General Code, are comprehensive and provide for the taxation of all real or personal property, and that includes the property here in question.
Section 5325, General Code, does not exclude any property or thing from the term personal property, but out of abundant caution provides that the term shall include the.things named. It cannot be construed as if it read the term shall only include.
As pointed out in Ohio Electric Ry. Co. v. Village of Ottawa, 85 Ohio St., 229, 236, the maxim expressio unius exclusio alterius is to be applied only as an aid to discover intention, and not to defeat clear intention.
In view of the plain provision of the constitution enjoining the taxation' of all property real and personal, and of the equally plain provision of Section 5328, General Code, passed in obedience to that constitutional injunction, there can be no doubt that when it is once determined that the membership in question is personal property, and that its situs is the domicile of the plaintiff in Hamilton county, it is taxable there.

Judgment affirmed.

Jones, Matthias, Johnson, Wanamaker and Robinson, JJ., concur.
Donahue, J., not participating.