### BOARD OF TRADE OF CITY OF CHICAGO et al. v. JOHNSON.*

#### In re HENDERSON.

(Circuit Court of Appeals, Seventh Circuit. May 13, 1922.)

#### Nos. 3028 and 3034.

1. **Bankrupty ⬤═293(1)—Controversies within jurisdiction of court of bankruptcy.**

   Under Bankruptcy Act, § 2 (7), being Comp. St. § 9586 (7), courts of bankruptcy have jurisdiction of controversies in relation to estates of bankrupts, except suits by a trustee to recover property or establish property rights between the trustee and parties who are strangers to the bankruptcy proceedings, and who (1) have possession of the property, claiming ownership or a lien thereon; or who (2) deny owing any money claimed by the trustee.

2. **Bankruptcy ⬤═293(1)—Jurisdiction and venue of suits by trustee.**

   The provision of Bankruptcy Act, § 23b, being Comp. St. § 9607 (b), that suits by a trustee, with exceptions stated, may only be brought in courts where bankrupt might have brought them if bankruptcy proceedings had not been instituted, does not relate to the character of the controversy, but means only that jurisdiction and venue in the federal courts depends on the amount in controversy and the residence of the parties.

3. **Bankruptcy ⬤═143(4)—Membership in Board of Trade held transferable.**

   Where a member of the Board of Trade of the City of Chicago, who was entitled, under its rules, to transfer his membership, if his dues were paid and there were no unsettled claims or contracts held by members, prior to his bankruptcy made application for transfer, posted the re-

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari granted 258 U. S. ――, 43 Sup. Ct. 92, 67 L. Ed. ――.

quired notice and the ten days for filing objections had expired and all objections filed had been disposed of, the right to transfer of his membership became absolute.

4. Bankruptcy ⟨⟩212—Court has jurisdiction where adverse claim is merely colorable.

A court of bankruptcy has jurisdiction to determine whether an asserted adverse claim is real or merely colorable, and when found colorable only may proceed to its adjudication.

5. Bankrupty ⟨⟩143(4)—Membership in Exchange passes to trustee; "property."

A membership in a Board of Trade held by a bankrupt is property and passes to his trustee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

6. Bankruptcy ⟨⟩279—Court may enforce rights of trustee in membership in Exchange.

A court of bankruptcy may by appropriate order require a Board of Trade to recognize the property rights of a trustee in a membership which passed from the bankrupt.

7. Bankruptcy ⟨⟩287(1)—Form of proceeding immaterial.

That a proceeding in a court of bankruptcy is summary in form is immaterial, and does not affect its jurisdiction, where there has been a full hearing.

Petition for Review under Section 24b of the Bankruptcy Act (Comp. St. § 9608) and Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Wilson F. Henderson, bankrupt; E. H. Johnson, trustee. Petition to revise and appeal by the Board of Trade of the City of Chicago and others from an order of the District Court. Affirmed.

Henry S. Robbins, of Chicago, Ill., for petitioners.

Robert N. Erskine and F. Wm. Kraft, both of Chicago, Ill., for respondents.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. The trustee in bankruptcy of the estate of one Henderson filed his petition in the United States District Court for the Eastern Division of the Northern District of Illinois, the court of adjudication, against the Board of Trade of the City of Chicago, herein called Board, and subsequently brought in as parties, by amendment, the creditors of Lipsey & Co., herein called Creditors, praying that the Board be required by some appropriate order to recognize the rights of the trustee, as such, in and to Henderson's membership. On a rule to show cause, after pleas to the jurisdiction were overruled, a full answer by the Board was filed, and adopted by the Creditors. Other than as covered by the petition, as amended, and the answers, there are no material facts, and on the pleadings the matter was heard and decided.

The Board was created by a special charter from the state of Illinois, and conducts an exchange in Chicago, where its members trade in farm and other products. It adopted the rules shown in the margin.[1] Mem-

---

[1] Rule IV, Sec. 7. When any member of this association has been duly convicted of failure to comply with the terms of any business obligation, or with the award of any committee of arbitration or committee of appeals,

berships are perpetual, and every member is entitled to transfer his membership, if he has paid all dues, etc., and his membership is not in any way impaired or forfeited, provided he has no "unsettled claims or contracts held by members of the Board." Application for transfer must be posted ten days, when, if no objection is made, it is assumed the member has no outstanding claims against him.

made in conformity with the rules and regulations of this association, he shall be suspended from all privileges of the Board of Trade of the City of Chicago until all his outstanding obligations to members of the said Board of Trade shall have been settled, when he may, upon application to the board of directors, and upon stating under oath that he has settled all such outstanding obligations, be reinstated. Notice of all applications for reinstatement shall be posted upon a properly designated bulletin in the Exchange Hall for at least fifteen days prior to the hearing on such application by the board of directors. * * *

Sec. 9. When any member of the association shall be guilty of a willful violation of any business contract or obligation and shall neglect or refuse to equitably and satisfactorily adjust and settle the same, or when any member shall willfully neglect or refuse to comply promptly with the award of any committee of arbitration or committee of appeals, rendered in conformity with the rules, regulations and by-laws of the association, he shall be suspended from all the privileges of this association until such contract or obligation is satisfactorily adjusted and settled, or such award is performed or complied with. * * *

Sec. 17. No member shall be censured, suspended, or expelled under this rule, without an examination of the charges against him by the board of directors, nor without having an opportunity to be heard in his own defense. No examination shall take place until notice has been served on the accused member, or his firm, accompanied by a copy of the charges against him or them, in writing. Such notice may be served upon the accused personally, by the secretary or any of his assistants, or it may be left at or mailed to the accused at his ordinary place of business or residence, in either of which cases the notice shall be considered sufficient, and the examination may proceed whether the accused is present or not.

Rule X, Sec. 2. Every member shall be entitled to transfer his membership when he has paid all assessments due, and has against him no outstanding unadjusted or unsettled claims or contracts held by members of this association, and said membership is not in any way impaired or forfeited, upon the payment of two hundred and fifty dollars, to any person eligible to membership who may be approved for membership by the board of directors, after due notice by posting, as provided in section 1 of this rule. The membership of a deceased member shall be transferable in like manner by his legal representative without the payment of the transfer fee. Prior to the transfer of any membership, application for such transfer shall be posted upon the bulletin of the exchange for at least ten days when, if no objection is made, it shall be assumed the member has no outstanding claims against him. * * *

Rule XXII, Sec. 11. No member shall give the name of a corporation as his principal on any trade or contract in any of the commodities bought and sold on this exchange, as enumerated in sections 4 and 5 of rule XIV, unless two executive officers of such corporation, bona fide and substantial stockholders, are members of this association in good standing. In case the said corporation is accepted as a party to such trade or contract and defaults in the execution of the same, or fails to comply with the terms of any business obligation made in conformity with the rules and regulations of this association on which the said corporation has become liable, the said executive officers, and such other officers and managers of such corporation as are members of this association, shall be subject to be disciplined in the same manner as they are subject to be disciplined for failure to comply with the terms of any business obligation of their own.

Henderson, on the date of adjudication, February 24, 1920, had filed an application for transfer, the ten days' time had run, objections had been filed and disposed of, and he was in good standing, free to transfer his membership. The Board's brief says that corporations are not admitted to membership, but to permit them to transact business on the Board it has adopted the rule that no member shall give the name of a corporation as his principal on a trade unless two executive officers thereof, who are bona fide and substantial stockholders, are members of the Board, and in case the corporation defaults on any trade or obligation, then said executive officers and such other officers and managers of the corporation as are members of the Board shall be subject to be disciplined in the same manner as they are subject to be disciplined for failure to comply with the terms of their own business obligations. Under the rules, no disciplinary proceedings of any kind can be taken without notice and an opportunity to be heard. There is no rule by which the sale of a membership may be forced, and the Illinois courts hold that it cannot be reached or sold on execution. Barclay v. Smith, 107 Ill. 349, 47 Am. Rep. 437.

Whether Henderson traded on the Board's exchange for his personal account does not appear, but he did not leave personal debts to other members growing out of trades on the exchange. Being an executive officer of Lipsey & Co., a corporation, he did make trades on the exchange for that corporation. Lipsey & Co. is insolvent, but not in bankruptcy, and its creditors, who became such through unsettled trades made for it on the exchange by Henderson, are here, as the Board's coappellants, contesting the trustee's rights.

Two jurisdictional questions are raised: First, that the matter in dispute presents a "controversy," within the meaning of section 23 [2] of the Bankruptcy Act (Comp. St. § 9607), cognizable only in a plenary suit in a jurisdiction designated in said section 23; second, that the disposition of a membership is a matter wholly within the internal regulatory powers of the Board, over which no court has any power or jurisdiction. A third contention is made, viz. that a membership on the Board is not property that passes in bankruptcy.

[1] 1. Every District Court is a bankruptcy court (item 8, section 1, Bankruptcy Act [Comp. St. § 9585]), and has such jurisdiction at law

---

[2] Sec. 23. (a) The United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants. (b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section sixty, subdivision b; section sixty-seven, subdivision e; and section seventy, subdivision e. (c) The United States Circuit Courts shall have concurrent jurisdiction with the courts of bankruptcy, within their respective territorial limits, of the offenses enumerated in this act.

and in equity as will enable it to exercise original jurisdiction in bankruptcy proceedings, to do many things, among which are:

"(6) Bring in and substitute additional parties in proceedings in bankruptcy when necessary for the determination of a matter in controversy; (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided; * * * (15) make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act." Section 2, Bankruptcy Act (Comp. St. § 9586).

The words "otherwise provided" refer to section 23 of the Bankruptcy Act. Bardes v. Hawarden Bank, 178 U. S. 524, 535, 20 Sup. Ct. 1000, 44 L. Ed. 1175. Those are really venue sections, in no sense limiting the very broad jurisdiction of the bankruptcy court, save only in regard to controversies to recover property or establish property rights between the trustee and parties who are strangers to the bankruptcy proceeding and who (1) have possession of the property, claiming ownership thereof or a lien thereon, or (2) who deny owing any money claimed by the trustee. In all such cases, not within the exceptions of section 23b, suits after bankruptcy may be brought only in those court where they might have been brought had bankruptcy not intervened.

[2] That means only that the jurisdiction and venue in the federal courts do not depend upon the character of the controversy, but upon the amount in controversy and the residence of the parties, as provided in the Judiciary Act. Even if there is here a controversy of the character that required that the action shall be brought where it must have been brought if bankruptcy had not intervened, we are of opinion that it was properly brought in the court of adjudication, because, as shown by the pleadings, the jurisdictional amount is sufficient, and the record and undenied statements made in open court show that at the time the bankruptcy proceedings were commenced the Board was resident in the district and division of the court of adjudication, and Henderson was a citizen of the state of Florida.

Section 23b makes four exceptions to section 23a as to where actions may be brought by the trustee, viz.: With consent of the proposed defendant, and also under the circumstances stated in sections 60b, 67e, and 70e (Comp. St. §§ 9644, 9651, 9654), the trustee may bring actions in the District Court or in a state court. Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Weidhorn v. Levy, 253 U. S. 273, 40 Sup. Ct. 534, 64 L. Ed. 898. It should be noted that, when Bardes v. Hawarden Bank was decided, sections 23a and 23b of the Bankruptcy Act of 1898 were in force, and the words "Circuit Courts" were found in section 23a, and the only exception in section 23b was as to cases where consent of the proposed defendant was had as to the place where the suit was brought. When Babbitt v. Dutcher was decided, section 23b had been amended so as to add, as exceptions to the general provision of section 23b, suits arising under the circumstances stated in sections 60b and 67e. When Weidhorn v. Levy was decided, section 23a had been amended by substituting the word "District" for the word "Circuit," and section 23b by adding

as an exception cases arising under section 70e. Sections 23a and 23b now read as amended in 1910.

[3] If the Creditors named had any right whatever, it must be upon the theory that there was, by reason of the acceptance of the membership under the rules, some sort of hypothecation of the membership or some lien created on it in favor of creditors. This can only mean that the creditors must claim under the conditions covered by section 70e.[3] If, under the rules of the Board, there is, in favor of the Board, any right or lien upon a membership, it is merely the right to prevent the transfer for the purpose of compelling the payment of the debts of objecting creditors by suspension or some sort of discipline of the member. It is clear from the facts that any such hypothecation, and any semblance of a lien created thereby, either had been or could have been avoided by Henderson at the time of the petition in bankruptcy and adjudication, because the facts show that the utmost right that the Creditors had, if they in fact were creditors under the provisions of the rules, was to object to a transfer after the posting of the application to make a transfer. There was no such objection within the ten days, nor prior to passing of the title from Henderson to the trustee, if it did pass.

The rules show that, when an application has been posted ten days, if no objection is made, it is assumed that there are no outstanding claims, and the right to transfer becomes absolute without action by the Board. There is no pretense that any right exists in either the Board or any creditor after transfer of a membership. It necessarily follows that any claim under any rule made by the Board, or by any creditor of Henderson, under the circumstances here shown, could have been defeated by Henderson after sale, and consequently action by the trustee would lie in the court of adjudication under sections 23b and 70e. At the time the operation of the law passed the title to the trustee, Henderson could have transferred all his rights. No creditor had any right, except to object before transfer. The Board could only discipline its members. When the law passed his rights to the trustee, Henderson ceased to be a member, and was of course not thereafter subject to discipline by the Board.

[4] 2. From the facts and the foregoing discussion, it needs no further discussion to show that, whether there was any other jurisdiction or not, there existed that jurisdiction that appellants admit does exist, viz.:

"Necessarily the District Court has in cases of this kind jurisdiction to ascertain these facts" (whether the adverse claim is real or merely colorable, etc.) "and if in a given case this question of fact is found against the trustee, the court may go no further."

---

[3] Sec. 70e. The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.

The court proceeded under its jurisdiction for the purpose of ascertaining the facts, but, instead of finding against the trustee, it found, as it must have found from the undisputed facts, that any claim of appellants was without substance and colorable only.

[5] 3. Under the decisions of this court, and numerous decisions of the Supreme Court, such a membership is property, and passes to the trustee. Hyde v. Woods, 94 U. S. 523, 24 L. Ed. 264; Page v. Edmunds, 187 U. S. 596;[1] Rogers v. Hennepin County, 240 U. S. 184, 36 Sup. Ct. 265, 60 L. Ed. 594; Citizens' Nat. Bank of Cincinnati v. Durr, 257 U. S. 99, 42 Sup. Ct. 15, 66 L. Ed. —— (opinion dated November 7, 1921); Board of Trade v. Weston, 243 Fed. 332, 156 C. C. A. 112.

[6] 4. The claim that the action of the court was an interference with the Board's right to control its internal affairs is without merit, because, while that may be true as a general proposition, yet it has several exceptions. One of them will be fully apparent by comparing Barclay v. Smith, supra, with Weaver v. Fisher, 110 Ill. 146, 152. In the latter case the court explicitly repudiates the construction placed upon the former case by appellants. Whether a rule or by-law is valid, and the proper construction thereof, are matters for the courts. While a rule or by-law by itself may be valid, yet it is possible that a set of rules or by-laws may produce such inequitable results that they may, as a whole, be illegal. For instance, in several cases where it was shown that Boards of Trade had rules similar to those in evidence here, and also had other by-laws expressly providing for liens and for a sale of the membership, so as to save the sale value of the membership for the lienholders, the member, and his creditors, the Supreme Court recognized such rules as valid. Hyde v. Woods, 94 U. S. 525, 24 L. Ed. 264; Page v. Edmunds, 187 U. S. 596, 23 Sup. Ct. 200, 47 L. Ed. 318; Citizens' Nat. Bank of Cincinnati v. Durr, 257 U. S. 99, 42 Sup. Ct. 15, 66 L. Ed. —— (opinion dated November 7, 1921). But in the case at bar the only power in the creditors was to obstruct a sale by objecting thereto. The only power of the Board was to destroy the sale value by suspension of a member, or other disciplinary action, thereby preventing a sale. The facts show that there was no substantial right to be preserved or worked out under the Board's rules. On the contrary, any action taken, without the consent of Henderson, the bankrupt, and he could give none—would merely destroy the sale value. Such results the District Court had the power to prevent.

[7] The complaint that this was a summary proceeding is without merit. While the proceeding is summary in form, the whole of the facts are shown in the petition and answers. Under such circumstances, the form of action is immaterial. In re Rockford Produce & Sales Co. (C. C. A.) 275 Fed. 811; In re Raphael, 192 Fed. 874, 113 C. C. A. 198.

The decree of the court below, sustaining the trustee's petition, is affirmed.

[1] 23 Sup. Ct. 200, 47 L. Ed. 318.