GRENADA BANK *v.* GLASS *et al.*[*]

(Division A. April 9, 1928. Suggestion of Error Overruled May 14, 1928.)

[116 So. 740. No. 26761.]

*Corpus Juris-Cyc. References: Attachment, 6CJ, p. 91, n. 86; p. 92, n. 89; Executions, 23CJ, p. 329, n. 50.

*Green, Green & Potter,* for appellant.

*S. C. Mims, Jr.,* for appellees.

*S. C. Mims, Jr.,* for cross-appellant.

*Green, Green & Potter,* for cross-appellee.

Cook, J. By an attachment in chancery, the Grenada bank instituted this suit against Lee E. Glass, a non-resident of this state, and the Lee E. Glass Lumber Company, a domestic corporation, and from a decree dismissing the bill of complaint in so far as it sought to hold the Lee E. Glass Lumber Company liable to com-plainant, a direct appeal was prosecuted, while the Lee E. Glass Lumber Company prosecuted a cross-appeal from so much of the decree as subjected the stock of Lee E. Glass in said company to the payment of his personal liability to the complainant.

The bill of complaint alleged that Lee E. Glass was indebted to the complainant in the sum of fifteen thousand two hundred sixty-seven dollars and thirty-three cents, together with interest and attorney's fees, evidenced by two notes, one for five thousand one hundred

thirty-four dollars, and the other for ten thousand one hundred thirty-three dollars and thirty-three cents, which were past due and unpaid; that Lee E. Glass is a nonresident who owns a large amount of property located in the state of Mississippi, consisting of stock in the Lee E. Glass Lumber Company; that being a nonresident of and absent from this state, the complainant is entitled to have an attachment issued against said shares of stock so belonging to the said Lee E. Glass, and to have the same impounded and subjected to its demands; that the said Lee E. Glass Lumber Company is but a corporation in name, in that the said Lee E. Glass is in equity and good conscience the sole and only owner of said corporation, and of its assets, and thereunder and thereby, being thus a one-man corporation, the assets of the said corporation have become, and are liable for the debts of the said Lee E. Glass, and especially the debts sued on; that the money borrowed from the complainant, evidenced by the notes sued on, was used and employed in purchasing certain particularly described property now owned by said corporation; that the money of the complainant so thus borrowed went directly into this land, with the improvements thereon, and can be so traced, and being so traceable, the complainant thereby acquired a first and paramount lien for purchase money against said property, and is entitled to assert and enforce the same; that the said money so thus traceable, and to be traced into said property, was borrowed from the complainant by the said Lee E. Glass for the specific purpose of acquiring said property for and on behalf of the said Lee E. Glass Lumber Company; and that said money was obtained by representations that the said Lee E. Glass was amply solvent and thoroughly capable of paying the said money when and as due.

It was further averred, upon information and belief, that the said statements so rendered to complainant were untrue; that the said Lee E. Glass was not solvent and

able to pay the amount so thus borrowed; that the statements upon which complainant relied in that regard were false and untrue; and that by reason thereof, the complainant was entitled to trace the said money so thus received for the purchase of said property, and to subject the property so acquired to the payment of the money borrowed from complainant to purchase the same.

The bill prayed that an attachment be issued against all of the property of the defendant, Lee E. Glass, in the state of Mississippi, including the said shares in the Lee E. Glass Lumber Company; that a decree be rendered against the said Lee E. Glass for the amount of money so obtained from complainant; and that the property therewith purchased and acquired be charged with a lien for the satisfaction and payment of said decree.

Upon this bill of complaint, publication was made for the nonresident defendant, Lee E. Glass, and upon his failure to answer the bill or otherwise enter his appearance thereto, a decree *pro confesso* and a final decree were entered against him adjudging that he was personally liable to the complainant for twenty-three thousand eight hundred twenty dollars and ninety cents, and condemning for sale the shares of stock owned by him in the Lee E. Glass Lumber Company for the purpose of satisfying the decree against him.

The Lee E. Glass Lumber Company answered the bill and denied that Lee E. Glass was the sole owner of the corporation and its assets, or that the assets of said corporation were liable in any respect for the debts of the said Lee E. Glass; and averred that said corporation was legally organized under the laws of this state, and that the defendant, Lee E. Glass, owned only seventy-five shares out of the total of two hundred fifty shares of the capital stock of said corporation. It denied that the money evidenced by the notes sued on was used and employed in acquiring any part of the property described in the bill of complaint, or that the money thus

loaned to the said Lee E. Glass went directly into said property or any part of same, or that the complainant had a first and paramount lien, or any other kind of lien, on such property which it was entitled to assert or enforce.

As to the misrepresentations alleged to have been made to complainant by Lee E. Glass, the answer averred that if such misrepresentations were made, they were not authorized by the defendant corporation, and were not within the scope of any authority that the said Lee E. Glass possessed from said corporation; that the said Lee E. Glass had no title, interest, or equity in the property owned and held by it, other than as a shareholder; and that the defendant, the Lee E. Glass Lumber Company, was not in any manner or form indebted to the complainant.

Conceding for the purpose of this decision only, the correctness of the appellant's position that one who accepts the fruits of fraud is liable therefor, not only when he knew of and consented to the fraud at the time it was perpetrated, but also when he was personally innocent, and had neither authorized nor known of the fraud at the time of its commission, still we are of the opinion that, on the direct appeal, the decree of the court below must be affirmed. There was proof offered in an attempt to trace the original ten thousand dollars, loaned to Lee E. Glass, and with which certain property now owned by the corporation was acquired, into the note for ten thousand one hundred thirty-three dollars and thirty-three cents, sued upon; but upon this point the testimony was in conflict, and we are unable to say that the holding of the court below that the proof failed to establish the allegations of the bill of complaint upon this point is manifestly wrong. There is some contention on the part of counsel for the appellant that the record of this cause contains an agreement of counsel that this original ten thousand dollar loan had been traced

into the notes sued on, but in this we think counsel are in error. The record referred to in this agreement is manifestly the cash book of the appellant, and not the record of this cause as made in the court below.

On the cross-appeal, the contention of the cross-appellant is that, by this attachment proceeding, the court below did not acquire jurisdiction to render a decree against the nonresident, Lee E. Glass, condemning his shares of stock in the resident corporation for sale to satisfy his indebtedness to the cross-appellee, for the reason that the shares of stock held by a nonresident shareholder in a resident corporation are not effects of the nonresident in the hands of the resident corporation, within the meaning and intent of section 536, Code 1906 (section 307, Hemingway's 1927 Code).

This suit was begun, in so far as it affects Lee E. Glass, by an attachment proceeding in the chancery court of Grenada county, the bill alleging that Lee E. Glass was a nonresident of the state of Mississippi, and a resident of the state of Tennessee, and that the Lee E. Glass Lumber Company had effects of the said Lee E. Glass in its possession, in that the said Lee E. Glass was the owner of certain shares of stock in said resident corporation. The answer of the resident defendant admitted that the said nonresident defendant was the owner of seventy-five shares of capital stock of the said domestic corporation, and as the said Glass did not answer the bill, a decree *pro confesso* and final was taken against him, subjecting the shares of stock owned by him in the Lee E. Glass Lumber Company to the demands of the complainant.

The statute conferring upon the chancery court jurisdiction of attachment proceedings against nonresident, absent, or absconding debtors, is found in section 536, Code 1906 (section 307, Hemingway's 1927 Code), which reads as follows:

"The chancery court shall have jurisdiction of attachment suits based upon demands founded upon any in-

debtedness, whether the same be legal or equitable, or for the recovery of damages for the breach of any contract, express or implied, or arising *ex delicto* against any nonresident, absent or absconding debtor, who has lands and tenements within this state, or against any such debtor and persons in this state who have in their hands effects of, or are indebted to, such nonresident, absent or absconding debtor. The court shall give a decree *in personam* against such nonresident, absent or absconding debtor if summons has been personally served upon him, or if he has entered an appearance.''

The shares of stock of a domestic corporation are, by statute, expressly made subject to attachment and execution for the debts of any owner thereof, the statute authorizing the attachment of such stock being section 140, Code 1906 (section 132, Hemingway's 1927 Code), which provides that an officer receiving a writ of attachment shall ''levy on the stock, shares, or interest of the defendant in any corporation, joint-stock company, or copartnership;'' while section 3966, Code 1906 (section 3177, Hemingway's 1927 Code), provides a specific method by which an execution or attachment may be levied on the stock, shares, or interest of a defendant in any corporation or joint-stock company, and further provides that the shares, stock and interest of the defendant in the corporation or company, including all dividends that may accrue after such levy, shall be bound by the lien of such execution or attachment.

A state creating a corporation may determine the basis of organization and fix the liability of shareholders, and it may, for the purpose of taxation, fix the *situs* of the shares of stock at the domicile of the corporation, and provide for the taxation of all of its shares of stock, whether owned by residents or nonresidents. *Corry* v. *Baltimore,* 196 U. S. 466, 25 S. Ct. 297, 49 L. Ed. 556; *Rogers* v. *Hennepin County,* 240 U. S. 184, 36 S. Ct. 265, 60 L. Ed. 594. It is also very generally held that for

the purpose of suits to determine the rightful owner-ship of stock, the *situs* of such shares is at the domicile of the corporation, the cases so holding being illustrated by the case of *Jellenik v. Huron Copper-Mining Co.*, 177 U. S. 1, 20 S. Ct. 559, 44 L. Ed. 647, in which the supreme court of the United States said:

"The stock held by the defendants residing outside of Michigan who refused to submit themselves to the jurisdiction of the circuit court being regarded as per-sonal property, the act of 1875 [18 U. S. Stat. 470] must be held to embrace the present case, if the stock in ques-tion is 'within the district' in which the suit was brought. Whether the stock is in Michigan so as to authorize that state to subject it to taxation as against individual share-holders domiciled in another state, is a question not pre-sented in this case, and we express no opinion upon it. But we are of opinion that it is within Michigan for the purposes of a suit brought there against the company—such shareholders being made parties to the suit—to determine whether the stock is rightfully held by them. The certificates are only evidence of the ownership of the shares, and the interest represented by the shares is held by the company for the benefit of the true owner. As the habitation or domicile of the company is and must be in the state that created it, the property represented by its certificates of stock may be deemed to be held by the company within the state whose creature it is, when-ever it is sought by suit to determine who is its real owner."

It is also within the legislative power to fix the *situs* of shares of stock of a domestic corporation at its dom-icile, for the purposes of execution and attachment; and by the statutes above referred to (sections 140 and 3966, Code 1906, sections 132 and 3177, Hemingway's 1927 Code), the legislature has expressly subjected shares of stock to execution and attachment at the domicile of the corporation. Under the above-quoted section 536,

Code 1906 (section 307, Hemingway's 1927 Code), the chancery court may acquire jurisdiction of an attachment suit against a nonresident debtor by joining a resident defendant who has in his hands effects of such nonresident.

In the case of *Ætna Insurance Co.* v. *Robertson*, 126 Miss. 387, 88 So. 883, it was said that "the word 'effects' is a word of very broad signification, and is broader than the word 'goods,' and is broad enough at least to cover all personal property," and it embraces within the scope of its signification the shares of a stockholder in an incorporated company; and in view of the statutes subjecting all the shares of stock of a domestic corporation, whether owned by residents or nonresidents, to execution and attachment, thereby fixing the *situs* of such shares for these purposes at the domicile of the corporation, we have reached the conclusion that such shares are effects in the hands of the corporation within the meaning and intent of the statute conferring jurisdiction of attachments on the chancery court, and, therefore, that the court below committed no error in condemning the shares of stock of the nonresident defendant for sale for the satisfaction of his indebtedness to the complainant.

The decree of the court below will, therefore, be affirmed on both direct and cross-appeal.

*Affirmed.*