Common Pleas Court of Hamilton County.

PHILIP S. GANSON, ET AL., V. ROBERT HEUCK, AUDITOR, ET AL.

Decided October 11, 1932.

*Robert N. Gorman,* pros. atty., *Leonard H. Frieberg* and *Jack B. Josselson,* ass't. pros. atty., for demurrer.

*Philip* and *S. C. Roettinger,* and *Sol Goodman, contra.*

MORROW, J.

Three of the plaintiffs own all of the capital stock of The Republic Lighting Company, an Ohio corporation, which is the fourth plaintiff. The latter plaintiff is in the electric lighting fixture business, and its capital is invested entirely in merchandise and fixtures. The plaintiffs complain that the corporation has returned all of its property for taxation, but that the defendant county officers are requiring the first three plaintiffs mentioned to return in addition for taxation their shares of stock in the fourth plaintiff. Plaintiffs state that defendants undertook to act under Sections 5328, and 5328-1 Ohio General Code, effective October fourteenth, 1931, and that the enforcement of said sections against them will cause irreparable damage, in that their property will be taken from them without due process of law, contrary to the provisions of Article XIV, Section 1, of the Constitution of the United States, and Article XII, Section 2; Article II, Section 26, and Article XIII, Section 4, of the Constitution of Ohio. Wherefore, the plaintiffs pray for an order enjoining the defendant from enforcing the provisions of these sections and related sections, requiring plaintiffs to file returns for taxation all the shares of common or capital stock and

personal property above set forth, and requiring the payment of taxes thereon.

The defendant has filed a demurrer to the petition, the substance of which is above set forth.

The petition in this case is an attack upon the constitutionality of the amendment of Article XII, Section 2, of the Ohio Constitution, which abolishes the uniform rule in taxation, and authorizes the legislature to enact classified property tax laws affecting other than real estate.

The abolition of the uniform rule in taxation meant that the legislature, within the bounds of reason, can arrange property in ranks and classes, and tax that property according to its rank and class. While it is not claimed that capricious, arbitrary and meaningless distinctions can be made by the legislature, it is submitted that constitutional inhibitions are not violated because certain species of property pay one rate of taxation, other species of the same value another rate of taxation, or none at all.

We are concerned here with the fact that an Ohio corporation and three of its stockholders who own all of its capital stock, complain that under this new tax law, the property of the Ohio corporation, consisting of fixtures and merchandise, is sought to be taxed, and that the shares of stock representing proportionate parts of the assets of the corporation, also are sought to be taxed. Plaintiffs complain that when the state taxes the assets of the corporation and the certificates of stock, it is taxing the same property twice. They further complain that this taxation being double taxation, is unconstitutional.

The petition alleges that three sections of the Ohio Constitution and one of the Constitution of the United States have been violated by this legislation.

We will first take up the claim that the Constitution of the United States has been violated. Amendment XIV, Section 1, of the Constitution of the United States provides in part:

"Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

This amendment is the old favorite of constitutional lawyers, and has been productive of more courtroom oratory than any other section of the Constitution of the United States.

The Ohio legislature has been freed from the iron requirements of the uniform tax rule law, and the mandate of the people in the amendment of Article XII, Section 2, of the Ohio Constitution effective January 1, 1931, was to classify property and tax in classes by different rates. The legislature has done this, and it will be noted in the law (See Section 5388, for instance,) some property is taxed upon a basis of one hundred per cent of its true value; some upon a basis of fifty per cent of its true value, and some upon a basis of seventy per cent of its true value.

The new tax law on intangibles with which we are concerned in the instant case, in its classification, must have a basis of reason; and perhaps a capricious, arbitrary or absurd classification of property would be set aside by the courts under authority of Article XIV, Section 1. The tax law in its Section 5323 includes in the classification "investments," which means, generally speaking, shares of stock in corporations, except in financial institutions, and the effect of Section 5323, in general, is to tax anything from which income is, or may be derived, though there are some exceptions.

Without intending to be humorous, but merely to make the point, we might say that a higher tax levied on red headed men, or upon corporations whose names begin with "X, Y or Z" might be set aside by the courts under authority of the above quoted section of the United States Constitution. However, the well known canons of construction by the courts of legislative enactments are against a summary disposition of the instant legislation, and we are not ready to say that there is anything capricious, arbitrary or absurd in the legislation in question, which permits a tax on corporate assets, and upon the shares of stock of the corporation in the hands of its stockholders. We would even go so far as to say, assuming we endorsed the view that it is double taxation of the

same property, that this provision of the Constitution is valid.

It is true that economists and students of taxation have criticised the practice of taxing shares of stock in the hands of stockholders, as well as the property of the corporation.

We might quote Jensen on Property Taxation in the United States: page 121.

"Owing to the confusion of the two concepts of property as a tax base, namely, that of property as tangible things plus nonrepresentative intangibles, on the one hand, and property regarded as equities in things, on the other, there has been a widely prevailing idea that no objectionable double taxation was involved in taxing property of the corporation to the corporation, and at the same time taxing the corporate securities to the holders as property. Not that careful students of taxation held this view, but many taxpayers and legislators did. And the courts upheld the attitude that, while it might not be equitable, it was quite lawful to tax corporate property and also the shares representing this property.

"There was enough of truth in the contention for the courts. For there is or may be in the corporate shares of stock an element of nonrepresentative intangible property which would not be reached by the tax on the value of the physical property, although it is also true that such nonrepresentative intangible value may exist in any unincorporate business enterprise. But the corporate franchise is a convenient peg on which to hang the tax; for the share is documentary evidence of equity in the corporate property, and has no counterpart in unincorporate enterprise."

The Supreme Court of the United States has said that this sort of taxation is lawful, and the view that shares of stock in the hands of stockholders is property other than the assets of the corporation itself, is expressed by the Ohio Supreme Court as well as the United States Supreme Court, and courts of other states. There is nothing unusual about this sort of taxation, so generally commented upon above, and discussed also by Professor Seligman in "The Taxation of Corporations," Essays in Taxation (9th ed.) pp. 142-315.

Plaintiffs' petition states that Article II, Section 26 of the Constitution of the State of Ohio also has been violated. The provision of this section is substantially as follows:

"All laws of a general nature shall have a uniform operation throughout the state."

This allegation of the petition is not emphasized in the brief of plaintiffs, and in this connection, however, I might refer to the fact that the terms of Sections 5328 and 5328-1 General Code assume to provide for taxation of all property falling in certain classifications, and that there is no geographical or other limitation upon the operation of these sections. In short, as the law, by its terms, provides for the taxation of all corporations, and all shares of stocks in corporations in this state within certain classification, it does not violate this section.

It is also claimed by plaintiffs that Article XIII, Section 4, was violated by this legislation. This section provides:

"The property of corporations now existing, or hereafter created, shall forever be subject to taxation the same as property of individuals."

This section of the Constitution is commented on first by Judge Allen G. Thurman, in his opinion in the case of *Exchange Bank* v. *Hines, Treasurer*, 3 O. S., page 1, at page 46. He says:

"But it is asked why was section three inserted at all if it was not intended to establish a rule as to banks and bankers different from the rule respecting individuals? With more propriety I might ask why was section four of article thirteen inserted, which provides that 'the property of corporations, now existing or hereafter created, shall forever be subject to taxation the same as the property of individuals?' There was no absolute necessity for this section, for without it section two of article twelve would have embraced these corporations. But it was inserted out of abundant caution, that there might be no doubt either as to existing or future corporations what would be the rule of taxation."

This section is also commented upon by Judge Burket in *The Cleveland Trust Co.* v. *Lander,* 62 O. S., 266. See page 274.

"A state has the power to tax both the capital and stock or shares of a corporation, unless prohibited by its constitution, and to do so would not be double taxation." Citing *Owensboro National Bank* v. *Owensboro,* 173 U. S., 664, at 681 and 682.

Judge Burket says on page 277, in commenting upon Article XIII, Section 4 and Article XII, Section 2, as follows:

"It will be noticed that the property of corporations shall be subject to taxation the same as the property of individuals. This implies that corporations shall be taxed, either by the same methods as individuals, or by separate statutes producing the same result, as in the opinion of the general assembly shall be best."

In *The Southern Gum Co.* v. *Laylin, Secretary of State,* 66 O. S., p. 578, Judge Burket also construes together Section 4 of Article XIII, and Article 2, of Section XII, and in that case he states on page 596:

"The stock of a corporation is not its property, and is not owned by it, but by the several stockholders. It owes and not owns the stock. The stock is a liability of the corporation, and not an asset."

In view of these pronouncements of the Supreme Court which concern both Article XII, Section 2, and Article XIII, Section 4, it seems proper at this time to point out that if we follow Judge Thurman and Judge Burket in their convenient consideration of these two sections of the Constitution at the same time, that Section 4, Article XIII should be considered in the light of the new amendment to Section 2, Article XII, which provides for the classification of property for taxation purposes. We must construe Article XIII, Section 4, if possible, so as to reconcile it with the latest constitutional change as to taxation now embodied in Article XII, Section 2. It does not mean that corporate assets cannot be taxed, and that the capital

stock of such corporation in the hands of stockholders cannot be taxed also. In our opinion it never did intend to proclaim such a prohibition. Judge Burket's comments above indicated show that the assets of a corporation, and the capital stock of that corporation, in the hands of the stockholders, were not considered the same property in this state, prior to the enactment of the amendment to Article XII, Section 2, with which we are concerned at the present time.

In this connection see also *Bradley et al* v. *Bauder*, 36 O. S., p. 28, in which Judge Boynton points out that "investments in stocks" are specifically set forth in the Constitution of Ohio as property subject to taxation, without any restriction or limitation as to the place or state where such "stocks" may be authorized or issued. In this case the law providing for taxation of all shares of stock of foreign corporations was upheld, notwithstanding, the capital of the corporation was taxed in the state in which the corporation was located, and in the second syllabus of this case it was held that the provision of such act subjecting such shares of stock so owned to taxation in this state are not in conflict with the constitution.

We have referred to Article XII, Section 2, and Article XIII, Section 4 together for the reason above given, and, therefore, have covered by comment all of the constitutional provisions which the plaintiffs claim have been violated by this legislation.

A great deal has been said in plaintiff's brief about double taxation, but the new amendment to Article XII, Section 2, with its provisions for classification would seem to negative any objection as to double taxation, which cannot differ essentially from the taxation of some property upon a basis of fifty per cent of its true value, and other upon a basis of one hundred per cent of its true value as is provided in Section 5388 of the Act. In other words, the power to classify property for taxation purposes would seem to include the power to tax some classes of property doubly.

We have cited authorities for the proposition that the shares of stock are not corporate property for taxation

purposes, and in that connection I might further refer to Cooley on Taxation, Sections 969 and 982, which states a taxation on shares or stock of corporations is not a tax against the corporation. See also Cooley on Taxation, Vol. 1, (4th ed.) p. 530, Section 245, also page 524, Section 240. We might also cite *Klein* v. *The Board of Tax Supervisors,* 282 U. S. p. 19; *The Bank of Commerce* v. *Tennessee,* 161 U. S. 134 (1895); *Rogers* v. *Kenipen County,* 240 U. S., 184 (1915); see also *Ft. Smith Lumber Co.* v. *Arkansas,* 251 U. S., 533 (1919).

The plaintiffs point out that Section 5328-1 General Code provides a corporation shall not be required to list any of its investments in the stock of the corporation, or in its own treasury stock, and therefore, raise this question: "May the State of Ohio tax an individual for owning shares of stock in domestic corporations when the same law provides that if such shares of stock are owned by corporations, no tax shall be imposed?"

This provision is tantamount to a classification of property based upon the ownership of that property. That is to say, property of a certain kind (corporation stock) when in the hands of the corporation itself, is not taxable; whereas the same property in the hands of an individual is subject to tax.

The legislature having been given the power to classify all personal property, may classify property with reference to its ownership, such a classification is not capricious, arbitrary or absurd.

In this connection, we might point out that since May, 1925, and notwithstanding the uniform rule in taxation in effect before the amendment now under consideration, gasoline owned and used by motor vehicle possessors was and is taxed, whereas gasoline owned and used by aviators, dry cleaners and certain others, was and is not taxed.

See *State ex rel. James* v. *Brown, Secretary of State,* 112 O. S., 590.

It is true that the Supreme Court said that the tax was not a property tax, but a tax upon the use of property. The effect of the law, however, is that gasoline in

the hands of a taxicab company must be tax-paid, whereas gasoline in the hands of a dry cleaner is tax-free.

While not a direct authority for our holding here, the case cited is interesting as an indication of our Supreme Court's attitude upon technical objections to a tax law.

In the case of *Exchange Bank* v. *Hines, Treasurer,* 3 O. S., p. 1, a portion of the tax law then under consideration was treated as void without affecting the validity of the remainder of the act. If there is anything in the objection of plaintiffs with reference to the exemption of corporate investments (in corporate stocks) the exemption may be treated as void, the remainder of the law attacked herein allowed to stand, and the instant question therefore, not affected thereby. However, it is not ncessary so to decide as noted above.

In conclusion we hold that neither the Constitution of the United States, nor that of the State of Ohio, has been violated by the provisions of the two Sections 5828 and 5828-1 of the Code of Ohio, that the assets of plaintiff corporation may be taxed, and at the same time the individual plaintiffs who own the shares of stock in the corporation may be taxed on the basis of the ownership of said shares of stock.

The demurrer of the defendant to the petition is sustained.