Per Curiam.

In the language of the appellant, the question of law presented by this appeal is whether the furnishing of invoices by a contractor separately stating the consideration for labor and that for materials furnished in the performance of a construction contract subsequent to completion of the work but prior to receiving final payment from the contractee is sufficient compliance with paragraph (B) of Section 5739.01, Revised Code, so as to place the contractor in the category of a vendor of the tangible personal property incorporated into the improvement.
The appellee states the issue to be, where a construction *378 contractor enters into lump-sum construction contracts not separately stating the cost of material from the cost of labor and completes the work to be performed under these contracts, is such a contractor entitled to the benefit of a tax exemption under Section 5739.01, Revised Code, by virtue of his subsequently sending “new statements” to the contractee?
In 1955, the Legislature amended the pertinent portion of Section 5739.01 (B), Revised Code (126 Ohio Laws, 157), to read as follows:
“A construction contract pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property is a sale of such tangible personal property and the construction contractor is the vendor thereof, if the consideration received or to be received for the tangible personal property is separately stated from the consideration received or to be received for the performance of the other contractual obligations. Such separation must appear in the contract between the parties or on the invoice or billing rendered by the contractor to the consumer.” (New language is italicized.)
The appellant company contends that its rendering of “billings” to the city on October 1, 1957, constituted sufficient compliance with the then operative provisions of Section 5739.01 (B) as to exempt it from the sales tax assessment. Therein lies the crux of this whole case. The words, “invoice” and “billing,” are not defined in the statute, and therefore we must fall back on paragraph three of the syllabus in the case of Baker v. Powhatan Mining Co., 146 Ohio St., 600, 67 N. E. (2d), 714, which states:
“In the absence of any definition of the intended meaning of words or terms used in a legislative enactment they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used. ’ ’
See, also, the. per curiam opinion in State, ex rel. Church of the Nazarene, v. Fogo, Registrar, 150 Ohio St., 45, 79 N. E. (2d), 546.
The Board of Tax Appeals noted in its entry that Section 162 of the Charter of the City of Columbus was amended, effec *379 tive May 8, 1956, to read as follows: “If the work bid for embraces both labor and material it shall not be necessary to separately state the price for labor and/or material.” It also noted that “each and all contracts for the construction of said several street improvements were lump sum contracts in that there was no separation of labor and material in the cost price or prices thereof.” The entry then states as follows:
“As to this, the term ‘invoice’ or ‘billing,’ as applied to a construction contract, would seem to be a statement made and rendered by the contractor to the owner from time to time during the progress of the work under the contract or at the completion thereof, setting out the amount of completed work done by the contractor during the time covered by the invoice or billing, and likewise setting out the amount of money due the contractor on the price or prices provided for in the contract. And an invoice or billing of this kind is a recognized means by which the contractor secures payment of monies due him in the performance of the contract. If this view as to the character and purpose of an invoice or billing, as these terms are used in Section 5739.01, Revised Code, is measurably correct, it follows that, judging by their content, the statements filed by the appellant with the city under date of October 1, 1957, above referred to, do not even pretend to be invoices or billings. The appellant’s contracts with the city had been completed and the contract prices therefor had been fully paid to the appellant except the 10% retainage as to each contract, which retainages had been paid into the contractor’s trust fund and were payable — and thereafter paid to the appellant out of said fund without any reference whatever to the statements filed by the appellant with the city under date of October 1, 1957.
“In conclusion, we are of the view that nothing that was done, or attempted to be done, by the city or the appellant after this sales tax assessment was made, had, or could have, any retroactive effect with respect to said sales tax assessment, which was a legal and valid assessment under the then applicable provisions of Sections 5739.01 and 5739.02, Revised Code. Cf. State, ex rel. Struble, v. Davis, 132 Ohio St., 555 (Syl. 4).” (Emphasis added.)
*380 We are in accord with the foregoing statement, and we find the decision of the Board of Tax Appeals to be neither unreasonable nor unlawful. It is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Bell and Herbert, JJ., concur.
Taft and Matthias, JJ., dissent.
O’Neill, J., not participating.