RESERVE LIFE INS. CO., APPELLANT, *v.* BOWERS, TAX COMMR., APPELLEE.*

*Motion to certify the record (38415) overruled, January 22, 1964. Appeal dismissed, 175 Ohio St., 468.

(No. 9222—Decided June 10, 1963.)

*Messrs. Dinsmore, Shohl, Barrett, Coates & Deupree,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Daronne R. Tate,* for appellee.

Hover, P. J. This is an appeal from the Board of Tax Appeals. The board determined that appellant was subject to taxation on its personal property used in business. This finding approved a ruling of the Tax Commissioner based upon his Rule No. 211 (November 18, 1957), stating in effect that foreign insurance companies are required to make a return of their tangible personal property pursuant to the general taxing statutes of the state of Ohio.

The appellant is Reserve Life Insurance Company organized and existing under the laws of Texas. It is a stock company and has been authorized to conduct an insurance business in the state of Ohio since 1949. Appellant has heretofore claimed and now claims that the tax in question is not authorized by the statutes of Ohio; and that, if authorized and levied, it is violative of both the state and federal Constitutions.

The matter is before this court by virtue of Section 5717.04 of the Revised Code, which section provides the manner and form of proceedings to obtain a review of decisions of the Board of Tax Appeals.

The Tax Commissioner has filed a motion to dismiss the appeal on the ground that the statute above does not authorize this taxpayer to bring his action in the Court of Appeals of the First Appellate District of Ohio. The taxpayer, in support of his right to appeal to this court, submits an affidavit to the effect that it maintains a regional executive office in Cincinnati, Ohio; that this office handles all the company's business conducted in Ohio and various other named states; and that Cincinnati, Ohio, is the principal place of business in Ohio for the company. The Tax Commissioner contends that any appeal by a foreign insurance corporation must be either directly to the Supreme Court of Ohio or to the Court of Appeals for Franklin County. The company contends that it is a corporation and as such may appeal to the Court of Appeals for the county in which the corporation has its principal place of business in this state.

The problem is controlled by Section 5717.04, Revised Code, which, in its pertinent portion, reads as follows:

"The proceeding to obtain a reversal, vacation, or modification of a decision of the Board of Tax Appeals shall be by appeal to the Supreme Court or the Court of Appeals for the

county in which the property taxed is situate or in which the taxpayer resides. If the taxpayer is a corporation, then the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the Supreme Court or to the Court of Appeals for the county in which the property taxed is situate, or the county of residence of the agent for service of process, tax notices, or demands, or the county in which the corporation has its principal place of business. In all other instances, the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the Court of Appeals for Franklin County.''

The obvious intent of the Legislature in enacting this statute in its present form must be considered. Previously, all appeals from the Board of Tax Appeals were taken directly to the Supreme Court, resulting in an undue burden upon that court. The intent of the statute is clearly to spread the burden of tax appeal litigation. It would seem the instant appeal to this court is proper on two grounds—(1) at least a portion, and probably the bulk, of the property taxed is situated in this Appellate District; and (2) the corporation does have its principal place of business for the state of Ohio in this district. The provision for bringing tax appeals into the Court of Appeals for Franklin County is obviously intended as a ''catch all'' for instances not otherwise provided for. The multiplicity of conflicting appeals feared by appellee is answered, in regard to corporations at least, by the statutory provision for combined corporate returns where property is held in more than one county.

For the above reasons, appellee's motion to dismiss the appeal is not well taken and is hereby overruled.

As to the merits of the appeal, it is obvious that appellant is a taxpayer of the state of Ohio as to this specific tax. Section 5711.01, Revised Code, includes corporations generally doing business in the state of Ohio. The same section specifically excludes certain businesses from the definition of ''taxpayer.'' Domestic insurance companies are excluded but are noted as ''otherwise taxed.''

Section 5709.01 of the Revised Code provides that all personal property located and used in business in this state is sub-

ject to taxation. Appellant is thus a taxpayer who is liable for a tax upon his personal property used in business in this state. The mere fact that for other purposes peculiar to the insurance business, such personal property is not regarded either as an "asset" or as an "investment" does not affect the clear intention of the Legislature to tax the personal property used in business of a foreign insurance corporation authorized to do business in this state.

The specific Rule No. 211 of the Tax Commissioner merely restates the law as the statute shows it to be. It would seem to be superflous since the authority of the commissioner to define and designate taxpayers is limited to "any taxable property which would not otherwise be required by this section to be returned." As already demonstrated, the section in question defines appellant as a taxpayer, and his property used in business is "taxable property" under these statutes.

Appellant further suggests the argument that it is already taxed by virtue of Section 5729.02 of the Revised Code at a higher rate of taxation than that levied as a similar tax against competing domestic insurance companies. While appellant admits there is nothing unlawful or unconstitutional in this practice, nevertheless, it should be noted in passing that the foreign company is not, under any circumstances, subject to the possibility of a tax upon its entire capital and surplus as is a domestic corporation.

Appellant, however, claims further that the tax upon his personal property is discriminatory and, as such, unconstitutional, since this particular tax is not levied against domestic companies.

If the tax structures with which we are here concerned involve a constitutional question it is not, as already observed, a problem created by Rule No. 211 of the Tax Commissioner. The tax on the personal property of appellant is levied by virtue of statutory enactments which are applicable to all corporations except those excluded by definition in Section 5711.01 (B) of the Revised Code. This exclusion (which is not an exemption because the excluded activities are otherwise taxed) concerns not only domestic insurance companies but other types of businesses where a direct ad valorem personal property tax

not only may be neither practical nor just, but also otherwise provided. This is particularly true as regards domestic insurance companies, vis-a-vis foreign companies.

The power to determine the subject and methods of taxation in Ohio within broad constitutional limitations (excepting real estate) is in the General Assembly by virtue of Article I and Section 2, Article XII of the Constitution. This includes the power to effect reasonable tax classifications (*State, ex rel. Struble,* v. *Davis,* 132 Ohio St., 555, and related cases). This applies as well to the power to exempt personal property from taxation.

In regard to the appellant taxpayer and the tax levied against its personal property and not directly against that of a domestic insurance company, it cannot be said that the General Assembly has specifically provided for any exemption in this respect. On the contrary, it is provided in Section 5725.18 of the Revised Code that such domestic companies shall be taxed according to the lesser of two methods and by Section 5725.25 that the tax so levied shall be in lieu of other property taxes, except those upon real estate. Section 5725.18 of the Revised Code taxes either the capital and surplus of domestic insurance companies which of necessity includes a tax on all property actually owned by the company or, in the alternative, a tax upon gross premiums originating in the state. This is the same tax base provided as a franchise tax for foreign insurance companies. The net result is that the question of whether or not this particular tax is discriminatory against this particular taxpayer is not the controlling factor, the applicable principle being whether or not a specific tax is discriminatory between permissible classifications of taxpayers. Whether or not this particular tax system results in tax discrimination in the very narrow sense of one taxpayer paying more than another individual taxpayer becomes a matter of mathematical calculation individual by individual—a calculation in which courts are not constitutionally required or even permitted to indulge. The problems existing between foreign and domestic insurance companies in respect of methods and rates of taxation, are recognized by Section 5729.06 of the Revised Code relative to retaliatory tax rates. Here again it would seem that whether or not a

particular tax discriminates as between foreign and domestic taxpayers would involve, in addition, a consideration of the tax structure of the state of which the foreign corporation is a resident.

In *City of Xenia* v. *Schmidt*, 101 Ohio St., 438, the court considers the relationship between the constitutional guarantee of "equal protection of the laws" and the legislative authority to classify. The court states the controlling principle thusly at page 451:

"The test, derived from the doctrines announced in both federal and state courts relative to classification, is this: Is there a real and substantial distinction in the classification attempted, or is it merely artificial, arbitrary or fictitious, made for the purpose of avoiding constitutional requirements? * * * These classifications, so far as they relate to such substantial distinctions, have always been upheld as within the constitutional provisions. Such has not only been the understanding and application in the courts of law, but likewise in the court of the common people in their daily transactions."

Under all the circumstances apparent in the record here, it cannot be considered that the imposition of an ad valorem tax on the tangible personal property of a foreign insurance company and otherwise taxing domestic insurance companies by the lesser of two formulae is an improper or unlawful classification of taxpayers or discriminatory either for or against the foreign company.

Finally, it is difficult to see how the complaining taxpayer here could lawfully be granted the relief it seeks. Certainly this may not be done by declaring it to be exempt from the particular tax complained of—distinguishing it from corporate taxpayers generally. Neither this court nor the Tax Commissioner is authorized to effect tax exemptions by adding words to a statute. Conversely, in order to require domestic insurance companies to pay this tax would involve declaring two separate and distinct statutes unconstitutional. This the court might, under some circumstances, be able to do by holding invalid the "in lieu" provision of Section 5725.25 of the Revised Code, but the court may not itself legislate alleged equality by levying a tax against taxpayers (domestic insurance companies) where

no such tax is now levied by the only body constitutionally authorized to do so, *i. e.*, the General Assembly. (Compare *Allied Stores of Ohio, Inc.,* v. *Bowers, Tax Commr.*, 166 Ohio St., 116.)

Accordingly, it is the opinion of the court (1) that the personal property used in business of the appellant taxpayer is subject to listing and to taxation on the ad valorem basis provided by the general property tax law; and (2) that the taxing distinction existing between domestic and foreign insurance companies is neither an unreasonable classification of taxpayers nor can it be said to discriminate either in favor of or against the two types of insurance companies—nor, under such circumstances, can it be held violative of the equal protection clause of the Constitution.

The decision of the Board of Tax Appeals is hereby affirmed.

*Decision affirmed.*

HILDEBRANT and LONG, JJ., concur.