THE KROGER CO. ET AL., APPELLEES, *v.* SCHNEIDER, TAX COMMR., APPELLANT.

[Cite as Kroger Co. v. Schneider, Tax Commr., 4 Ohio App. 2d 226.]

(No. 7939—Decided November 16, 1965.)

*Messrs. George, Greek, King & McMahon* and *Mr. Kiehner Johnson,* for appellees.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellant.

BRYANT, P. J.   This is an appeal on questions of law.   The Kroger Company, The Great Atlantic & Pacific Tea Company, Inc., and Colonial Stores, Inc. (Albers Super Markets), corporations which operate chains of grocery supermarkets, food processing and storage facilities in many taxing districts in Ohio and elsewhere, brought suit in the court below for a declaratory judgment that Section 5711.22(B), Revised Code, is unconstitutional because it denies them the equal protection of the law guaranteed by the state and federal Constitutions.

These three corporations, appellees herein, were plaintiffs below.   Louis J. Schneider, Jr., who was, as Tax Commissioner of Ohio, defendant below, has since assumed the office of a judge of the Supreme Court of Ohio.   While he is the nominal appellant, we will judicially notice, without objection, that Gerald A. Donahue assumed office as Tax Commissioner of Ohio on January 4, 1965, and is appellant herein.

In the amended petition, it was alleged that the three plaintiffs are engaged in both interstate and intrastate commerce in the manufacture, processing, purchase, distribution and sale to ultimate consumers and not for resale of "food, household goods and other merchandise."   It was also alleged that plaintiffs

maintain and operate "manufacturing and processing plants, warehouses, business offices, retail food stores and supermarkets" in this state. It was alleged that the plaintiffs have such facilities in Ohio located as follows: Kroger, 183 different taxing districts; the A & P, 198 different taxing districts; and Colonial Stores, 53 different taxing districts.

Plaintiffs further allege that under Section 5711.13, Revised Code, they are required to file a combined return listing taxable personal property each year with the Tax Commissioner of Ohio.

Section 5711.22(B), Revised Code (hereinafter called subdivision (B)), as amended effective December 9, 1963 (130 Ohio Laws 1312, 1313, and 1853), which it is alleged is unconstitutional, reads as follows:

"Personal property of a merchant which is sold or held for sale for the use or consumption by the purchaser from the merchant, and not for resale, and which is required to be returned on the average basis as provided in Section 5711.15 of the Revised Code, and personal property as defined in Section 5701.03 of the Revised Code used in the business of preparing, serving, and selling food in the form of meals suitable for immediate consumption by the purchaser, shall be listed and assessed as follows:

"(1) In the return filed for the year 1964, the first one hundred thousand dollars thereof at sixty-six per cent, and the amount thereof over one hundred thousand dollars at seventy per cent;

"(2) In the return filed for the year 1965, the first one hundred thousand dollars thereof at sixty-two per cent, and the amount thereof over one hundred thousand dollars at seventy per cent;

"(3) In the return filed for the year 1966, the first one hundred thousand dollars thereof at fifty-eight per cent, and the amount thereof over one hundred thousand dollars at seventy per cent;

"(4) In the return filed for the year 1967, the first one hundred thousand dollars thereof at fifty-four per cent, and the amount thereof over one hundred thousand dollars at seventy per cent;

"(5) In the returns filed for the years 1968, and there-

after, the first one hundred thousand dollars thereof at fifty per cent, and the amount thereof over one hundred thousand dollars at seventy per cent;

"(6) Where such property is located in more than one taxing district, the listing of the first one hundred thousand dollars thereof shall be apportioned to the various taxing districts wherein such property is located in the same ratio as the true value of such property in a taxing district bears to the total true value of such property wherever located in this state."

The petition complains of the difference in the percentage of taxable personal property of the class described above required to be filed as to the first $100,000, true value in money, as compared with the percentage of true value of personal property in excess of $100,000. Prior to the 1963 amendments, there was no distinction as to such personal property, whether the value of personal property owned by a taxpayer was greater or less than $100,000.

It is contended by plaintiffs in their petition that (a) identical items of personal property in a taxing district must be taxed the same without regard to the identity or total tax value of taxable personal property owned by a taxpayer; (b) that it is contrary to law to fix a varying rate on taxable personal property based upon the total value of such property owned by different taxpayers; and (c) that Section 5711.22(B), Revised Code, results in an unequal burden of taxation and is a denial of equal protection of the law as provided in Section 2, Article I, Constitution of Ohio, and Section 1, Article XIV, Amendments, Constitution of the United States.

The answer filed on behalf of the Tax Commissioner of Ohio alleges that at the time of the filing of the amended petition on January 10, 1964, tangible personal property of merchants had become taxable for the year 1964 in accordance with the provisions of Section 5711.22(B), as amended effective December 9, 1963. This was followed by a first defense claiming that the facts alleged in the amended petition fail to set forth a cause of action, and a second defense denying that Section 5711.22(B), Revised Code, is unconstitutional.

Thereafter, plaintiffs filed a motion for judgment on the pleadings, after which the court below rendered a decision upholding the contentions advanced by plaintiffs.

The appellant has set forth eight assignments of error which will be considered together here, the question being whether the trial court erred in holding subdivision (B) unconstitutional. The court below stated in its opinion that neither it nor counsel have found any reported decision by any court "which directly bears upon the constitutional issue here presented." Counsel for the parties and as *amicus curiae* have submitted briefs following exhaustive research, which is appreciated by the court. The matter has been fully and carefully presented to the court.

There was discussion in the decision of the court below to the question whether subdivision (B) did or did not provide an exemption. In Black's Law Dictionary (Fourth Ed.) 681, the term "exemption" is given a number of definitions, and it is stated "As applied to taxation, 'exemption' is freedom from burden of enforced contributions to expenses and maintenance of government," citing *Washington Chocolate Co.* v. *King County*, 21 Wash. 2d 630, 636, 152 P. 2d 981, 984.

It would appear to us that the exclusion of a fixed percentage of true value from the amount required to be listed and assessed is in the nature of an exemption.

In *Cleveland-Cliffs Iron Co.* v. *Glander, Tax Commr* (1945), 145 Ohio St. 423, paragraph three of the syllabus reads in part as follows:

"The provision of any statute which purports to except certain property from general provisions governing taxation is a measure of exemption, * * *."

At the outset in a case such as this, there is a presumption in favor of the constitutionality of the tax law which may only be overcome by explicit demonstration that the law operates in an unconstitutional manner. See 51 Ohio Jurisprudence 2d 92, Taxation, Section 68.

Since the amendment in 1929, effective in 1931, of Section 2, Article XII, Constitution of Ohio, abolishing the uniform rule of taxation as to personal property, broad power is vested in the General Assembly of Ohio with respect to the taxation of personal property and the determination of exemptions therefrom. In *Denison University* v. *Board of Tax Appeals* (1965), 2 Ohio St. 2d 17, the third paragraph of the syllabus reads as follows:

"3. By reason of the amendment of Section 2 of Article XII of the Ohio Constitution effective in 1931 the General Assembly now has a power to determine exemptions from taxation that is limited only by the provisions of Article I of the Ohio Constitution. (*State, ex rel. Struble,* v. *Davis et al., Tax Comm.,* 132 Ohio St. 555, approved and followed; paragraph two of the syllabus in *City of Cleveland* v. *Board of Tax Appeals,* 153 Ohio St. 97, overruled.)"

See, also, *Atwell* v. *Board of Park Commrs.* (1965), 2 Ohio St. 2d 257, and *State, ex rel. Struble,* v. *Davis* (1937), 132 Ohio St. 555.

In our opinion, the equal-protection-of-law provisions of the state and federal Constitutions do not require either a rigid rule of taxation or precise scientific uniformity.

In the case of *National Tube Co.* v. *Peck, Tax Commr.* (1953), 159 Ohio St. 98, the sixth paragraph of the syllabus reads as follows:

"6. The equal-protection provisions of the Constitutions do not require the state to maintain a rigid rule of taxation, to resort to close distinctions, or to maintain a precise scientific uniformity; and possible differences in tax burdens not shown to be substantial or which are based on discrimination not shown to be arbitrary or capricious do not fall within constitutional prohibitions."

The opinion by Taft, J. (now C. J.), reads at page 107, as follows:

"In our opinion there is no merit to this contention. As stated in the opinion by Mr. Justice Stone in *Lawrence* v. *State Tax Comm. of Mississippi,* 286 U. S. 276, 284, 76 L. Ed. 1102, 52 S. Ct. 556, 87 A. L. R. 374: 'The equal protection clause does not require the state to maintain a rigid rule of equal taxation, to resort to close distinctions, or to maintain a precise scientific uniformity; and possible differences in tax burdens not shown to be substantial or which are based on discriminations not shown to be arbitrary or capricious, do not fall within constitutional prohibitions.' "

In the case of the *State, ex rel. Struble,* v. *Davis* (1937), 132 Ohio St. 555, the first and second paragraphs of the syllabus read as follows:

"1. Section 2 of Article XII of the state Constitution re-

quires only lands and improvements thereon to be taxed by uniform rule according to value. By reason of the removal of previous constitutional limitations and restrictions, the power of the General Assembly to determine the subjects and methods of taxation and exemption of personal property therefrom is limited only by Article I of the Constitution of the state.

"2. In the matter of classification of property for taxation purposes, broad power is conferred upon the Legislature. Its action in that regard will not be set aside by the courts unless the classification attempted results in such discrimination against members of the same class as to deny them the equal protection of the law."

In course of the opinion in that case by Matthias, J., there appears the following statement at page 561:

"The general principle governing the matter of classification and exemption of personal property from taxation, based upon numerous federal and state decisions, is stated in 61 Corpus Juris, 126, as follows: 'The Legislature may exercise wide discretion in selecting and classifying the subjects of taxation, and may arrange and divide the various subjects of taxation into distinct classes and impose different rates on the several classes without violating the requirement of equality and uniformity, provided the tax is uniform on all members of the same class, and provided the classification is reasonable and provided it is not arbitrary.'

"Probably the most complete and comprehensive statement of this sovereign power of taxation committed to the legislative branch of the government is to be found in 61 Corpus Juris, 384. 'The power to exempt from taxation, as well as the power to tax, is an essential attribute of sovereignty, and may be exercised in the constitution, or in a statute, unless the constitution expressly or by implication prohibits action by the Legislature on the subject. Where not prohibited or restricted in its exercise by constitutional provisions, the Legislature of a state has full power to exempt any persons or corporation or classes of property from taxation, but only from taxes within its jurisdiction, and to limit the exemption, according to its views of public policy or expediency, subject only to the limitation that the exemption shall serve a public purpose, and that the exemption and the classification upon which it is based shall not

be arbitrary, such power being included in the legislative power to tax, and to classify for purposes of taxation.' "

We have already set forth the provisions of subdivision (B) in which it is provided as to the personal property of merchants therein described that the first $100,000, or part thereof, shall be listed at from 66% of true value in 1964 down to 50% in 1968 and thereafter, while as to any such property of a taxpayer over and above $100,000, 70% of the true value shall be reported.

What is the equal protection of the law which is being denied to the three plaintiffs herein? If we assume that each of the plaintiffs has at least $100,000 of such personal property, and if we further assume it is in a taxing district with a rate of $30 per $1,000 tax value of property, we find that each plaintiff actually saves $120 in taxes under the 1964 schedule and that this saving will increase until, in 1968, each plaintiff will save $600 a year in such personal property taxes.

It seems unusual at least, for a taxpayer to claim to have a constitutional right to pay from $120 to $600 per year more than the law requires. This statement is supported by that of counsel for the appellees that in winning in the court below the effect was to increase the amount of taxes required to be paid by plaintiffs.

It is quite clear that all taxpayers are treated alike and that, as to the first $25,000 or $50,000 or $100,000 of such personal property tax, the amount of taxes due and payable will be exactly the same whether the taxpayer owns more or less than $100,000 of such personal property. If there is a constitutional right of the kind just referred to above, we are not aware of it.

For the reasons set forth above, the several assignments of error are well taken and will be sustained, the judgment of the court below will be reversed and set aside, and the cause remanded.

*Judgment reversed.*

TROOP, J., concurs.
DUFFEY, J., concurs in judgment.