[Cite as *Smiley v. Professional Staff Mgt. Inc.*, 2013-Ohio-139.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### VAN WERT COUNTY

LARYNDA J. SMILEY,

     PLAINTIFF-APPELLANT,           CASE NO. 15-12-12

     v.

PROFESSIONAL STAFF
MANAGEMENT INC., ET AL.,           O P I N I O N

     DEFENDANTS-APPELLEES.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CV 11 09 211

**Judgment Affirmed**

Date of Decision: January 22, 2013

APPEARANCES:

     *Kurt A. Knisley* for Appellant

     *Bruce H. Fahey* for Appellee, Professional Staff Mgmt., Inc.

     *Eric Tarbox* for Appellee, Admr. Bureau of Workers' Compensation

Case No. 15-12-12

**SHAW, J.**

{¶1} Plaintiff-appellant Larynda J. Smiley ("Smiley") appeals the July 10, 2012, judgment of the Van Wert County Court of Common Pleas granting summary judgment in favor of defendant-appellee Administrator Bureau of Workers' Compensation ("the Administrator"). For the reasons that follow, we affirm the judgment of the trial court.

{¶2} The facts relevant to this appeal are not in dispute. Smiley worked for defendant Valenti Real Estate Services, Inc., ("Valenti") as a regional property manager. Valenti used defendant Professional Staff Management for human resources purposes. Both Valenti and Professional Staff Management are Indiana corporations.

{¶3} As part of her employment, Smiley traveled regularly between four properties located in Ohio and three located in Indiana.[1] On January 14, 2010, Smiley was in an auto accident while traveling within the scope of her employment.[2]

{¶4} Following the accident, Valenti filed a Workers' Compensation claim in Indiana on Smiley's behalf. Valenti's Workers' Compensation insurance

---

[1] According to her deposition, the properties Smiley covered included two in Alger, Ohio, one in Jackson Center, Ohio, one in Payne, Ohio, one in Winchester, Indiana, one in Liberty, Indiana, and one in Bluffton, Indiana. (Smiley Depo. at 9). Smiley's job duties included collecting rent, qualifying applicants, making sure government guidelines were being followed, and making sure that tenants followed the rules. (*Id*. at 15-16).

[2] Smiley's injuries included, *inter alia*, a "dislocated ankle, right open talus fracture, left elbow radial head fracture, and left wrist distal radius fracture." (Smiley Br. at 6).

-2-

carrier, Liberty Mutual Insurance Company, authorized Smiley's claim, and paid a total of $6,211.92 in indemnity compensation, and $91,077.16 in medical bills. Documents concerning Smiley's indemnity payments were filed with the Indiana Board of Workers' Compensation.

{¶5} In October 2010, Smiley filed a Workers' Compensation claim in Ohio. The Ohio claim arose from the same automobile accident and involved the same injuries as Smiley's Indiana claim. Ultimately, the Ohio Industrial Commission denied Smiley's claim, finding that R.C. 4123.542 precluded Smiley from filing a claim in Ohio having already received a judgment on the merits in Indiana.

{¶6} On September 2, 2011, Smiley filed a "Notice of Appeal Workers Compensation" naming as defendants Professional Staff Management, Inc. ("PSM"), and the Administrator. (Doc. 1).

{¶7} On October 6, 2011, Smiley filed a "Complaint and Jury Demand." (Doc. 2).

{¶8} On October 24, 2011, PSM filed an answer. (Doc. 3). On November 3, 2011, the Administrator filed its answer, including affirmative defenses.

{¶9} On May 11, 2012, a deposition of Smiley was taken. (Doc. 17).

{¶10} On May 24, 2012, the Administrator filed a motion for summary judgment. (Doc. 16). The Administrator argued that R.C. 4123.542 prevented a

claimant who had already received a judgment on the merits of a workers' compensation claim from filing a claim in Ohio. The Administrator argued that R.C. 4123.542 was applicable to this case, and that it had been appropriately applied in the administrative proceedings.

{¶11} On May 24, 2012, Smiley filed a motion for summary judgment, arguing that R.C. 4123.542 violates the Equal Protection clauses of the United States and Ohio Constitutions and that the statute is unconstitutional as applied to Smiley. Smiley also argued that the statute created an unconstitutional classification.

{¶12} On July 10, 2012, the trial court filed a judgment entry granting the Administrator's motion for summary judgment. In doing so, the trial court conducted the following analysis.

> **The Court finds that in accordance [with] the plain language of R.C. 4123.542 the Plaintiff pursued or was awarded a worker's compensation claim from another state. In order to prevent a double award Plaintiff is barred from filing another worker's compensation claim in Ohio.**
>
> **The Plaintiff's argument that the statute is unconstitutional is not well taken. The Plaintiff argues that the statute creates different classes of people; one class may file for benefits and another class who may not file for benefits because they have already filed for benefits in another state. However, language in legislation suggests a different purpose for the statute that offers a rational relation to an important state objective.**
>
> \* \* \*

> **The Court further finds that all legislative enactments are presumed to be constitutional and that the statute, O.R.C. §4123.542, was created to prevent fraudulent or duplicate claims from being filed in multiple states for the same injury.**

(Doc. 20).

{¶13} Summary judgment was thus awarded to the Administrator. It is from this judgment that Smiley appeals, asserting the following assignment of error for our review.

### ASSIGNMENT OF ERROR
**THE TRIAL COURT IMPROPERLY RULED THAT OHIO REVISED CODE §4123.542 IS CONSTITUTIONAL, AND PRECLUDES APPELLANT FROM PARTICIPATING IN THE OHIO STATE FUND.**

*Summary Judgment Standard of Review*

{¶14} Initially, we note that an appellate court reviews a grant of summary judgment de novo, without any deference to the trial court. *Conley–Slowinski v. Superior Spinning & Stamping Co.*, 128 Ohio App.3d 360, 363 (6th Dist.1998). A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *see Horton*

*v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, paragraph three of the syllabus.

{¶15} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, syllabus (1988). The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. *See* Civ.R. 56(E).

*Smiley's Assignment of Error*

{¶16} In her assignment of error, Smiley argues that R.C. § 4123.542 is unconstitutional.[3] At the outset, we note that "[a]ny constitutional analysis must begin with the presumption of constitutionality enjoyed by all legislation, and the understanding that it is not [a] court's duty to assess the wisdom of a particular statute." *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, ¶ 141. "The only judicial inquiry into the constitutionality of a statute involves the question of legislative power, not legislative wisdom." *State ex rel. Ohio*

---

[3] Smiley makes the same arguments to this Court that she made to the trial court in her motion for summary judgment.

-6-

*Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 456 (1999), quoting *State ex rel. Bowman v. Allen Cty. Bd. Of Commrs.*, 124 Ohio St. 174, 196 (1931). "It is axiomatic that all legislative enactments enjoy a presumption of constitutionality." *State v. Dorso*, 4 Ohio St.3d 60, 61 (1983). "However, all laws, including legislation involving workers' compensation, are subject to the limitations imposed by the Equal Protection Clauses of the United States and Ohio Constitutions." *State ex rel. Patterson v. Indus. Comm.*, 77 Ohio St.3d 201, 204 (1996).

**{¶17}** Ohio's Equal Protection Clause carries with it the same limits on government as the federal Equal Protection Clause. *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, ¶ 7 citing *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ.*, 87 Ohio St.3d 55, 60, 1999-Ohio-248 (confirming that Ohio's Equal Protection Clause tracks its federal counterpart), rev'ed on other grounds, 526 U.S. 124, (1999); *Porter v. Oberlin*, 1 Ohio St.2d 143, 151-52 (1965); *State ex rel. Struble v. Davis*, 132 Ohio St. 555, 560 (1937). When a statute sets up a classification that involves neither a suspect class nor a fundamental right, it does not violate equal protection if it bears a rational relationship to a legitimate government interest. *McCrone* at ¶ 8, citing *Menefee v. Queen City Metro*, 49 Ohio St.3d 27, 29 (1990).

**{¶18}** The statute at issue in this case, R.C. 4123.542, reads as follows:

**An employee or the dependents of an employee who receive a decision on the merits of a claim for compensation or benefits under this chapter or Chapter 4121., 4127., or 4131. of the Revised Code shall not file a claim for the same injury, occupational disease, or death in another state under the workers' compensation laws of that state. An employee or the employee's dependents who receive a decision on the merits of a claim for compensation or benefits under the workers' compensation laws of another state shall not file a claim for compensation and benefits under this chapter or Chapter 4121., 4127., or 4131. of the Revised Code for the same injury, occupational disease, or death.**

**As used in this section, "a decision on the merits" means a decision determined or adjudicated for compensability of a claim and not on jurisdictional grounds.**

{¶19} Smiley makes three arguments under this assignment of error alleging the above statute is unconstitutional. First, Smiley argues that R.C. 4123.542 creates a classification that bears no rational relation to an important state objective. Second, Smiley argues that the statute is unconstitutional because it draws a distinction between ordinary Ohio injured workers, and those Ohio injured workers that receive a decision on the merits from a neighboring state. Third, Smiley argues that the classification in the statute is unconstitutional because its intended purpose is not equal to or greater than the purpose of providing compensation to injured Ohio employees.

{¶20} In response to these arguments, the Administrator argues that there is a legitimate state interest in preventing claimants from receiving workers' compensation in other states and then claiming benefits here in Ohio for the same

injury. The Administrator argues, as the trial court found, that there is a rational state objective in preventing a claimant from "double-dipping." The Administrator also argues that R.C. 4123.542 does not impermissibly establish groups of workers that are treated differently. According to the Administrator, Smiley's challenge does not involve a suspect class or a fundamental right, requiring only a rational basis for the statute—a rational basis that is established in preventing the "double-dipping."

{¶21} We agree with the Administrator and the trial court. In this case there is a clear-cut rationale for the statute at issue—preventing a claimant from receiving a windfall, or otherwise defrauding the State. Under these circumstances, we find that there is rational basis for this statute. Smiley does not affirmatively establish in her brief to this court how case law supports her contentions or otherwise undermines the statute in question. Given the strong presumption of constitutionality afforded to statutes, we do not find R.C. 4123.542 to be unconstitutional. Accordingly, Smiley's assignment of error is overruled.

{¶22} For the foregoing reasons, Smiley's assignment of error is overruled and the judgment of the Van Wert County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**